**Dessaleng BEYENE and Jean M. Hanson, Plaintiffs-Appellants,**

v.

**IRVING TRUST COMPANY, Defendant-Appellee.**

**No. 869, Docket 84–7995.**

United States Court of Appeals, Second Circuit.

Argued March 7, 1985.

Decided May 1, 1985.

William L. Borden, Washington, D.C. (Kirby, Gillick, Schwartz & Tuohey, P.C., Washington, D.C., on the brief), for plaintiffs-appellants.

Aileen Meyer, New York City (Stephen A. Weiner, Winthrop, Stimson, Putnam & Roberts, New York City, on the brief), for defendant-appellee.

Before TIMBERS, NEWMAN and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiffs Dessaleng Beyene and Jean M. Hanson appeal from a final judgment of the United States District Court for the Southern District of New York, Morris E. Lasker, *Judge*, dismissing their complaint seeking damages for the alleged wrongful refusal of defendant Irving Trust Company ("Irving") to honor a letter of credit. The district court granted Irving's motion for summary judgment dismissing the complaint on the ground that, since the bill of lading presented to Irving misspelled the name of the person to whom notice was to be given of the arrival of the goods and thereby failed to comply with the terms of the letter of credit, Irving was under no duty to honor the letter of credit. On appeal, plaintiffs contend, *inter alia*, that the mere misspelling of a name should not relieve a bank of its duty to honor a letter of credit. We agree with the district court that the misspelling in this case was a material discrepancy that relieved Irving of its duty to pay the letter of credit, and we affirm the judgment.

## FACTS

The material undisputed facts may be stated briefly. In March 1978, Beyene agreed to sell to Mohammed Sofan, a resi-

dent of the Yemen Arab Republic ("YAR"), two prefabricated houses. Sofan attempted to finance the purchase through the use of a letter of credit issued by the Yemen Bank for Reconstruction and Development ("YBRD") in favor of Beyene. YBRD designated Irving as the confirming bank for the letter of credit, and Irving subsequently notified Beyene of the letter's terms and conditions. Beyene designated the National Bank of Washington ("NBW") as his collecting bank.

In May 1979, NBW sent Irving all of the documents required under the terms of the letter of credit. Thereafter, Irving telephoned NBW to inform it of several discrepancies in the submitted documents, including the fact that the bill of lading listed the party to be notified by the shipping company as Mohammed Soran instead of Mohammed Sofan. The NBW official contacted testified at deposition that Irving never waived the misspelling discrepancy and continued to assert that it was a discrepancy, though it undertook to request authorization from YBRD to pay the letter of credit despite the discrepancy. Such authorization was not forthcoming, and Irving refused to pay.

Plaintiffs instituted the present suit seeking damages for Irving's failure to pay the letter of credit. Irving moved for summary judgment dismissing the complaint on a variety of grounds. The district court, in an opinion reported at 596 F.Supp. 438 (1984), granted the motion on the sole ground that the misspelling of Sofan's name in the bill of lading constituted a material discrepancy that gave Irving the right to dishonor the letter of credit. This appeal followed.

### DISCUSSION

On appeal, plaintiffs contend principally that (1) the district court's ruling is unsound as a matter of precedent and of policy, and (2) Irving should be required to pay the letter of credit on grounds of waiver and estoppel. We find merit in none of plaintiffs' contentions. We need discuss only the first.

The nature and functions of commercial letters of credit have recently been explored by this Court, *see Voest-Alpine International Corp. v. Chase Manhattan Bank, N.A.*, 707 F.2d 680, 682–83 (2d Cir. 1983); *Marino Industries Corp. v. Chase Manhattan Bank, N.A.*, 686 F.2d 112, 114–15 (2d Cir.1982), and will not be repeated in detail here. The terms of a letter of credit generally require the beneficiary of the letter to submit to the issuing bank documents such as an invoice and a bill of lading to provide "the accredited buyer [with] some assurance that he will receive the goods for which he bargained and arranged payment." H. Harfield, *Bank Credits and Acceptances* 57 (5th ed. 1974). The issuing bank, or a bank that acts as confirming bank for the issuer, takes on an absolute duty to pay the amount of the credit to the beneficiary, so long as the beneficiary complies with the terms of the letter. In order to protect the issuing or confirming bank, this absolute duty does not arise unless the terms of the letter have been complied with strictly. Literal compliance is generally "essential so as not to impose an obligation upon the bank that it did not undertake and so as not to jeopardize the bank's right to indemnity from its customer." *Voest-Alpine International Corp. v. Chase Manhattan Bank*, 707 F.2d at 683; *see* H. Harfield, *Letters of Credit* 57–59 (1979).

While some variations in a bill of lading might be so insignificant as not to relieve the issuing or confirming bank of its obligation to pay, *see, e.g.*, H. Harfield, *Bank Credits and Acceptances* 75–78, we agree with the district court that the misspelling in the bill of lading of Sofan's name as "Soran" was a material discrepancy that entitled Irving to refuse to honor the letter of credit. First, this is not a case where the name intended is unmistakably clear despite what is obviously a typographical error, as might be the case if, for example, "Smith" were misspelled "Smithh." Nor have appellants claimed that in the Middle East "Soran" would obviously be recognized as an inadvertent misspelling of the surname "Sofan." Second, "Sofan" was not a name that was

inconsequential to the document, for Sofan was the person to whom the shipper was to give notice of the arrival of the goods, and the misspelling of his name could well have resulted in his nonreceipt of the goods and his justifiable refusal to reimburse Irving for the credit. (Indeed, the record includes a telex from Beyene, stating that Sofan had not been notified when the goods arrived in YAR and that as a result demurrage and other costs had been incurred.) In the circumstances, the district court was entirely correct in viewing the failure of Beyene and NBW to provide documents that strictly complied with the terms of the letter of credit as a failure that entitled Irving to refuse payment.

Plaintiffs do not contend that there was any issue to be tried as to the fact of the misspelling of Sofan's name. Their assertions that Irving waived the admitted discrepancy or was estopped from relying on it were not supported sufficiently to withstand a motion for summary judgment and were properly rejected by the district court for the reasons stated in its opinion, 596 F.Supp. at 439–41.

CONCLUSION

The judgment of the district court is affirmed.