WIN SPARK TRADING CO.,
Plaintiff–Appellant,

Pearl Textiles Far East Ltd. and True-
bright Co. Ltd., Consolidated–
Plaintiff–Appellant,

v.

PERISCOPE SPORTSWEAR, INC.,
Century Business Credit Corp., Chris
Goll, Tony Sarcone, Tom Pizzo, Glenn
Sands, Scott Pianin, Ray Kuslanski,
Tom Lake, and Paul Schwartz, Defen-
dants–Appellees.

No. 02–7810.

United States Court of Appeals,
Second Circuit.

May 6, 2003.

John Weber, Brooklyn, New York, for
Plaintiff–Appellant.

John P. Amato, Han & Hessen, LLP,
New York, New York, for Defendants–
Appellees.

Present: VAN GRAAFEILAND,
MINER, and POOLER, Circuit Judges.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CIT-
ED AS PRECEDENTIAL AUTHORITY
TO THIS OR ANY OTHER COURT,
BUT MAY BE CALLED TO THE AT-
TENTION OF THIS OR ANY OTHER
COURT IN A SUBSEQUENT STAGE
OF THIS CASE, IN A RELATED CASE,
OR IN ANY CASE FOR PURPOSES
OF COLLATERAL ESTOPPEL OR
RES JUDICATA.

At a stated Term of the United States
Court of Appeals for the Second Circuit,
held at the United States Courthouse, Fo-
ley Square, in the City of New York, on
the 6th day of May, two thousand and
three.

ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED that the
judgment of the District Court be and it
hereby is **AFFIRMED.**

Win Spark Trading Company, Pearl
Textiles Far East, Ltd., and Truebright
Company Ltd. ("Plaintiffs–Appellants")
manufacture clothing in Hong Kong, which
they export to the United States. At the
beginning of 1999, Plaintiffs–Appellants
entered into an agreement with Periscope
Sportswear, Inc. ("Periscope"), a clothing
distributor in New York City. Pursuant to
the agreement, Plaintiffs–Appellants would
ship merchandise to Periscope on credit,
and Periscope would pay Plaintiffs–Appel-
lants by certified check after selling the
goods.

In the middle of 2000, Periscope began
to fall behind on its payments to Plaintiffs–
Appellants. At Periscope's request, Plain-
tiffs–Appellants accepted a letter of credit
from Century Business Credit Corporation
("Century"). Unlike Century's prior let-
ters of credit, the letter stated that it

would not be honored unless Plaintiffs–Appellants first made the shipment available for inspection by one of Century's officers. Plaintiffs–Appellants complained about the "payment authorization clause" to Periscope, which allegedly represented that the condition would be waived. However, Plaintiffs–Appellants do not allege that they discussed the issue with Century, and Century did not issue a new letter of credit omitting the clause.

Plaintiffs–Appellants subsequently sent Periscope a shipment of goods. As Plaintiffs–Appellants did not comply with the clause, however, Century refused to honor the letter of credit. Periscope sold the goods and then filed for bankruptcy on November 30, 2000 without paying Plaintiffs–Appellants for the shipment. Although Plaintiffs–Appellants filed adversary proceedings in Periscope's bankruptcy case, they voluntarily withdrew their actions April 12, 2001. Approximately one month later, Plaintiffs–Appellants commenced the instant action in state court, and Defendants–Appellees removed the case to federal court. Plaintiffs–Appellants subsequently filed a new complaint, asserting claims for, *inter alia*, fraudulent misrepresentation and a related conspiracy, conversion, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, which included predicate violations of the Hobbs Act, 18 U.S.C. § 1951. Defendants–Appellees filed a motion to dismiss, pursuant to Fed. R.Civ.P. 9(b) and 12(b)(6), in response to which Plaintiffs–Appellants filed an amended complaint. Defendants–Appellees renewed their motion, and the district court dismissed the case with prejudice. Plaintiffs–Appellants now appeal that ruling.

Plaintiffs–Appellants' claims for fraud, conspiracy, and violations of RICO are predicated upon Century's refusal to honor the letter of credit. However, in their amended complaint, Plaintiffs–Appellants concede that they did not comply with the terms of the letter. Accordingly, Century's refusal to honor the letter of credit was lawful. *See, e.g., Beyene v. Irving Trust Co.,* 762 F.2d 4, 6 (2d Cir.1985) ("The issu[er] ... takes on an absolute duty to pay the amount of the credit to the beneficiary, so long as the beneficiary complies with the terms of the letter.... [T]his absolute duty does not arise unless the terms of the letter have been complied with strictly."). Plaintiffs–Appellants attempt to overcome this fatal defect by alleging that Periscope, acting pursuant to a conspiracy with Century and its employees, intentionally misrepresented that Century would waive the "payment authorization clause." However, Plaintiffs–Appellants allege no facts evidencing such a conspiracy or indicating that Periscope was acting as an agent of Century. Nor do Plaintiffs–Appellants allege that they verified Periscope's representations with Century. Therefore, Plaintiffs–Appellants' fraud-based claims fail. Plaintiffs–Appellants also plead no facts indicating that Century or its employees converted the shipment or violated the Hobbs Act.

In the alternative, Plaintiffs–Appellants request that we vacate the district court's order to allow them to file a second amended complaint. However, they give no indication that they could allege sufficient facts to state their claims. While Plaintiffs–Appellants assert that they require discovery to substantiate the purported "bleed out" scheme, they had the opportunity to conduct discovery in connection with the bankruptcy case, which had been pending for approximately 18 months before they filed their complaint in this case.

Based upon the foregoing, the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.